United States v. Patterson is on for argument next. Mr. Henderson. Hello again. I'm Peter Henderson. I'm representing Sebastian Patterson. And you'll still be Peter Henderson. In a few minutes, that's right. The $200 question in this case has to do with, I think, broader questions than just those that we've briefed in this case. There are several components to a criminal sentence. Term of imprisonment, supervised release, fine, restitution, special assessment. Several of those are discretionary. The term of imprisonment, the term of supervised release, the fine. And in order to facilitate appellate review, we leave the discretionary decisions to the district court. But to make sure that the district court is actually exercising discretion, we require the district court to explain why they're making the discretionary decisions they're making. So in terms of the term of imprisonment, I think we all know the Cunningham line of cases out of this court that requires an explanation. In terms of the term of supervised release and the conditions of supervised release, we're all familiar with the Thompson line of cases. For fines, fines are a discretionary decision of the district court. And so in order for this court to be satisfied with the district court's exercise of discretion, I think this court should insist on some sort of explanation under the factors that govern fines. So imprisonment, we have 3553A. Supervised release, we have section 3583. And for fines, we have section 3572. Each of those statutes within the state... What do you think is the optimal amount of discussion of a fine that is one-twentieth of the low end of the guideline range? Well, I think that at least some discussion. Why? Because this is an act of discretion. And let's take this case. The district court in this case imposed a fine of $200. Right. And the judge could have said something like, well, I don't see any reason to go outside the guideline range. The fine is $12,500 and bang the gavel. And that would have been adequate. He wouldn't bang the gavel. Oh, he wouldn't bang the gavel. He would clap his hands. Right. I've never seen a judge bang the gavel. I'm thinking of doing it myself only to start a precedent. It was one of the disappointments when I was appointed. There are no gavels up here. Anyway, go ahead. You need to apply for a different position, I think. Yeah. No, I don't think that that would be adequate. Because just as so if there's a guideline imprisonment sentence, the judge can't just say, all right, I think the guidelines are fine and bang the gavel. There's no gavel. The judge has to, consistent with the Cunningham cases, consistent with the Supreme Court cases, Gall, et cetera, has to explain. No, he doesn't. You're not correctly stating the holding of Cunningham, especially the holding of Cunningham in light of the Supreme Court's decision in Rita and Gall. The judge has to discuss a significant argument that is otherwise not implicitly addressed just by the nature of the sentence. That's the holding of Cunningham. You're right about that. And I don't see where there is a significant argument that is not otherwise addressed just by the nature of the sentence. In Rita, the Supreme Court held that the judge doesn't have to give any explanation at all if the Court of Appeals thinks we can see what's going on here. And we're not going to contradict the Supreme Court. No, no, no. No, you're right about that. I think that I mean to say Gall and the discussion of what a judge needs to do under Gall rather than Cunningham. But the point is that there needs to be some window into why the judge is imposing this fine. From the record, I don't know why the judge is imposing the fine. I don't know if the judge does this in every case. Everybody gets $200. There's certainly a wide spectrum of practices in the district court. For example, most of our clients have either a negative net worth or a zero net worth. And so my experience in the district court is we never have any fines. So there's a wide variety of practice. But this just sounds like an argument that the Supreme Court was wrong because there is a wide variety of practice among district judges. There's never any case where no explanation is sufficient. And therefore, we should not follow Rita in Gall and should demand an explanation for everything in every case. Well, you know, we can't contradict the Supreme Court. So that line of argument is dead on arrival. Okay. I don't think that this contradicts the Supreme Court because I do think that in Gall there is a requirement to explain the sentence. But that will rest on our respective readings of Gall. In any case, the factors in this case, we've got somebody with a negative net worth. And it is unclear why the district judge imposed a fine at all, whether this was related to promoting respect for the law, deterrence, punishment. It should not be treated lightly. And one of the things that the court said in Thompson and related supervised release cases is that it was tired of the insouciance that supervised release received by everybody involved. So this case, what we're asking the court to do is to recognize that fines are a part of criminal sentences and they deserve attention as well. If there are no further questions, I'll reserve the rest of my time for rebuttal. Thank you. Certainly, Mr. Henderson. Ms. Bucci. May it please the court. I'm Talia Bucci and I represent the United States in this appeal. The district court did not plainly err here in imposing a modest, substantially below guidelines fine of $200 in the case. The fine imposed was consistent with the probation officer's recommendation and the facts that were set forth in the pre-sentence investigation report. Among those facts were that although the defendant did not have assets to pay a guidelines range fine, he faced a term of imprisonment and can make a limited contribution towards a fine through the voluntary participation in the inmate financial responsibility program. The defendant did not object to that finding or make any argument or present any evidence related to his inability to pay a fine. The district court, in line with the finding, imposed a below guidelines fine of $200, which is, as the pre-sentence investigation report indicated, it's a limited fine. And as Your Honor has indicated, it's $120 below end of the guidelines range. That was not objected to, and he was given an opportunity to ask the court to elaborate on the court's findings. The defendant did not do so. The defendant's argument is therefore waived, and it also falls, fails on the merits. I take care of that. If there are no further questions, I will rest on the briefs for the remaining arguments and ask that this court affirm the defendant's sentence. Thank you, counsel. Thank you. Anything further, Mr. Henderson? Just one thing, Your Honor. I heard my friend use the term waiver, and I want to make sure that this case is not about waiver. No. Thank you, Your Honors. Thank you, counsel. The case is taken under advisement.